STEPHEN A. HIGGINSON, Circuit Judge,
concurring:
I concur in affirming the judgment, but write separately to note that I would resolve Lucas’s assertion of error about Special Agent Richard Velasquez on the other elements of plain-error review. Lucas challenges, and the majority opinion addresses, the agent as an impermissible “summary witness,” in violation of Rule 1006 (“Summaries to Prove Content”) of the Federal Rules of Evidence. But the record does not reveal that the Government in fact offered, Lucas objected to, or that the district court viewed the agent as a summary witness.
To elaborate briefly, and to “promote the development of evidence law,” Fed. R. Evid. 102, I read Rule 1006 as a rule of inclusion, rather than exclusion, and therefore inapplicable to Agent Velasquez’s testimony. In my view, Agent Velasquez’s testimony must be either lay or expert. Fed. R. Evid. 701-702; cf. United States v. Fullwood, 342 F.3d 409, 413-14 (5th Cir. 2003) (cautioning against “rebuttal witness” whose testimony was not “in and of [itself] evidence or proof of any facts”); United States v. Castillo, 77 F.3d 1480, 1499-1500 (5th Cir. 1996) (cautioning against expert testimony about matters beyond personal knowledge or special expertise). If offering admissible lay- or expert-opinion testimony, Agent Velasquez may be cross-examined, see Rule 611(b)-(c), or relevant here, interrupted pursuant to Rule 106 (“the rule of completeness”). His testimony would also be subject to the rule against hearsay in Rule 802, exclusion under the balancing test of Rule 403, or other district court control according to Rule 611(a). See generally United States v. Nelson, 732 F.3d 504, 518 n.4 (5th Cir. 2013). Obliging parties to offer and object to tes *647 timony using the explicit framework provided by our evidentiary rules has advantages that I fear are lost by recognizing new categories of witnesses, like “summary witnesses,” which in turn requires more difficult-to-define strictures, like whether a case is “complex” enough for “recapitulation” testimony. Determinatively here, however, I am appreciative and agree with the majority’s conclusion that no plain error occurred.